**Amarjeet KAUR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 07–4712–ag.**

United States Court of Appeals, Second Circuit.

June 19, 2009.

Genet Getachew, Brooklyn, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Leslie McKay, Assistant Director, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

### SUMMARY ORDER

Petitioner Amarjeet Kaur, a native and citizen of India, seeks review of a September 27, 2007 order of the BIA affirming the June 7, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amarjeet Kaur,* No. A77 050 832 (B.I.A. Sept. 27, 2007), *aff'g* No. A77 050 832 (Immig. Ct. N.Y. City Jun. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). However, when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA's decision, *i.e.* minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA agreed with the IJ's finding that Kaur did not suffer past persecution, and that even if she had, any presumption of a well-founded fear of persecution was rebutted by changed country conditions and her ability to relocate within India. Thus, it is unclear whether the BIA agreed with the IJ's finding that Kaur failed to demonstrate a nexus between her claim and a protected ground. Thus, for purposes of our decision, we assume that Kaur's claim had a nexus to a protected ground. *See Yan Chen,* 417 F.3d at 271.

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also*

---

Acting Attorney General Peter D. Keisler as respondent in this case.

*Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Because Kaur fails to challenge the BIA's finding that her single detention did not rise to the level of past persecution, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, substantial evidence supports the agency's finding that Kaur failed to demonstrate a well-founded fear of future persecution. The BIA did not err in concluding that country conditions in India had changed with respect to the treatment of Sikhs. *See Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006). While Kaur argues that the BIA's holding was erroneous, we are unpersuaded by her argument. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289. Accordingly, this Court need not disturb the agency's findings.

Because Kaur was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal where that claim relied on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, because Kaur failed to meaningfully challenge the IJ's denial of her CAT claim before either the BIA or this Court, we deem any such argument abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).